1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9

10  AMAZON.COM, INC., a Delaware
    corporation; and SALVATORE FERRAGAMO
11  S.P.A., an Italian corporation,
12                      Plaintiffs,
13          v.
14  ZHAO HAO JUN, an individual d/b/a
    ZHAOHA032OJUN; ZHANG LIANFA, an
15  individual d/b/a
    CANGZHOUSHUOFENGDIANZIKEJIZZX;
16  CANGZHOUSHUOFENGDIANZIKEJIYOUX
    IANGONGSI, a Chinese entity; and DOES 1-
17  10,
18                      Defendants.
19

No.

**COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF**

20                I.      INTRODUCTION

21      1.      This case involves the Defendants' unlawful and expressly prohibited sale of

22  counterfeit Salvatore Ferragamo S.p.A. ("Ferragamo") belts on Amazon.com.  Amazon and

23  Ferragamo jointly bring this lawsuit to permanently prevent and enjoin Defendants from

24  causing future harm to Amazon's and Ferragamo's customers, reputations, and intellectual

25  property, and to hold Defendants accountable for their illegal actions.

26      2.      The Amazon store offers products and services to customers in more than 100

27  countries around the globe.  Some of the products are sold directly by Amazon, while others are

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

sold by Amazon's numerous third-party selling partners.  The Amazon brand is one of the most well-recognized, valuable, and trusted brands in the world.  In order to protect customers and safeguard its reputation for trustworthiness, Amazon invests heavily in both time and resources to prevent counterfeit goods from being sold in its store.  In 2019 alone, Amazon invested over $500 million and employed more than 8,000 employees to protect its store from fraud and abuse.  Amazon stopped over 2.5 million suspected bad actor selling accounts before they published a single listing for sale and blocked more than six billion suspected bad listings before they were published.  As a result of these efforts and investment, 99.9% of all products viewed by customers on Amazon did not have a valid counterfeit complaint.

3.      Ferragamo, which has always been a byword for top quality and Made in Italy products, is one of the main players in the luxury industry and its origins date back to 1927. Ferragamo is mainly active in the creation, production and sale of footwear, leather goods, apparel, silk products, and other accessories, as well as fragrances for men and women.  Taking into account the entire distribution network, Ferragamo is present in over 90 countries all over the world with several retail stores in the United States, including one in Bellevue, Washington. Ferragamo works constantly to consolidate and increase over time the value of the brand and maintain high quality standards for the products and distribution processes through investments in research, product innovation, IT and business support.

4.      Ferragamo owns, manages, enforces, licenses, and maintains intellectual property, including various trademarks.  Relevant to this Complaint, Ferragamo owns the following registered trademarks ("Ferragamo Trademarks").

| Mark | Registration No. (International Classes) |
|---|---|
| SALVATORE FERRAGAMO | 1,016,032 (IC 010, 025, 026) |

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

| | |
|---|---|
| *Ferragamo* | 1,208,600 (IC 026) |
| *Salvatore Ferragamo* | 1,609,161 (IC 025) |
|  | 2,051,981 (IC 025) |
| Ω | 4,514,247 (IC 018, 025) |
|  | 4,578,196 (IC 018, 025) |
|  | 6,127,042 (IC 025) |

True and correct copies of the registration certificates for the Ferragamo Trademarks are attached as **Exhibit A**.

5.      From February 2020 through November 2020, Defendants advertised, marketed, offered, and sold counterfeit Ferragamo products in the Amazon store, using Ferragamo's registered trademarks, without authorization, to deceive customers about the authenticity and origin of the products and the products' affiliation with Ferragamo.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 3

6.      As a result of their illegal actions, Defendants have infringed and misused Ferragamo's intellectual property ("IP"), willfully deceived and harmed Amazon, Ferragamo, and their customers, compromised the integrity of the Amazon store, and undermined the trust that customers place in Amazon and Ferragamo.  Defendants' illegal actions have caused Amazon and Ferragamo to expend significant resources to investigate and combat Defendants' wrongdoing and to bring this lawsuit to prevent Defendants from inflicting future harm to Amazon, Ferragamo, and their customers.

## II.      PARTIES

7.      Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington.  Through its subsidiaries, Amazon.com, Inc. owns and operates the Amazon.com website, counterpart international websites, and the Amazon store (collectively, "Amazon").

8.      Ferragamo is an Italian corporation with its principal place of business in Florence, Italy.

9.      Defendants are a collection of individuals, both known and unknown, who conspired and operated in concert with each other to engage in the counterfeiting scheme alleged in this Complaint.  In many cases, Defendants took intentional and affirmative steps to hide their true identities and whereabouts from Amazon and Ferragamo by using fake names and contact information, and unregistered businesses to conduct their activities.  Defendants are subject to liability for their wrongful conduct both directly and under principles of secondary liability including, without limitation, respondeat superior, vicarious liability, and/or contributory infringement.

10.      On information and belief, Defendant Zhao Hao Jun, d/b/a zhaoha032ojun, is an individual who resides in China who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 4

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

11.     On information and belief, Defendant Zhang Lianfa, d/b/a cangzhoushuofengdianzikejiZZX, is an individual who resides in China who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct.

12.     On information and belief, Defendant cangzhoushuofengdianzikejiyouxiangongsi is a Chinese entity with its principal place of business at Qingxiancaosizhencaosicun, Cangzhoushi, Hebeisheng, China 062652.  On further information and belief, Defendant cangzhoushuofengdianzikejiyouxiangongsi personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct.

13.     On information and belief, Defendants Does 1-10 (the "Doe Defendants") are individuals and entities working in active concert with each other and the named Defendants to knowingly and willfully manufacture, import, advertise, market, offer, and sell counterfeit Ferragamo products.  The identities of Does 1-10 are presently unknown to Plaintiffs.

14.     On information and belief, each Defendant has acted in concert with all Defendants and other unknown parties to willfully advertise and sell counterfeit Ferragamo products.  These parties are related by the similarity of counterfeit product, indistinguishable tactics used in listings, identical pricing for all products, uniform packaging, and apparent common supplier, among other indicators.

### III.     JURISDICTION AND VENUE

15.     The Court has subject matter jurisdiction over Amazon's and Ferragamo's Lanham Act claims for 1) trademark infringement; and 2) false designation and false advertising pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).  The Court has subject matter jurisdiction over Amazon's and Ferragamo's claim for violation of the Washington Consumer Protection Act pursuant to 28 U.S.C. §§ 1332 and 1367.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

16.     The Court has personal jurisdiction over all Defendants because they transacted business and committed tortious acts within and directed to the State of Washington, and Amazon's and Ferragamo's claims arise from those activities.  Defendants affirmatively undertook to do business with Amazon, a corporation with its principal place of business in Washington, and sold through the Amazon store products bearing counterfeit versions of the Ferragamo Trademarks and which otherwise infringed Ferragamo's IP.  Defendants shipped products bearing counterfeit versions of the Ferragamo Trademarks to consumers in Washington.  Each of the Defendants committed, or facilitated the commission of, tortious acts in Washington and has wrongfully caused Amazon and Ferragamo substantial injury in Washington.

17.     Further, the named Defendants have consented to the jurisdiction of this Court by agreeing to the Amazon Services Business Solutions Agreement ("BSA"), which provides that the "Governing Courts" for claims to enjoin infringement or misuse of intellectual property rights are state or federal courts located in King County, Washington.

18.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in the Western District of Washington.

19.     Venue is proper in this Court also with respect to Defendants by virtue of the allegations stated in paragraph 15 above, which are incorporated herein.

20.     Pursuant to Local Civil Rule 3(d), intra-district assignment to the Seattle Division is proper because the claims arose in this Division, where (a) Amazon resides, (b) injuries giving rise to suit occurred, and (c) Defendants directed their unlawful conduct.

## IV.     FACTS

### A.     Amazon's Efforts to Prevent the Sale of Counterfeit Goods

21.     Amazon works hard to build and protect the reputation of its store as a place where customers can conveniently select from a wide array of authentic goods and services at competitive prices.  Amazon invests a vast amount of resources to ensure that when customers

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

make purchases through the Amazon store—either directly from Amazon or from one of its millions of third-party sellers—customers receive authentic products made by the true manufacturer of those products.

22.     A small number of bad actors seeks to take advantage of the trust customers place in Amazon by attempting to create Amazon Selling Accounts to advertise, market, offer, and sell counterfeit products.  These bad actors seek to misuse and infringe the trademarks and other IP of the true manufacturers of those products to deceive Amazon and its customers.  This unlawful and expressly prohibited conduct undermines the trust that customers, sellers, and manufacturers place in Amazon, and tarnishes Amazon's brand and reputation, thereby causing irreparable harm to Amazon.

23.     Amazon prohibits the sale of inauthentic and fraudulent products and is constantly innovating on behalf of customers and working with brands, manufacturers, rights owners, and others to improve the detection and prevention of counterfeit products ever being offered to customers through the Amazon store.  Amazon employs dedicated teams of software engineers, research scientists, program managers, and investigators to prevent counterfeits from being offered in the Amazon store.  Amazon's systems automatically and continuously scan thousands of data points to detect and remove counterfeits from its store and to terminate the Selling Accounts of bad actors before they can offer counterfeit products.  Each week Amazon monitors more than 45 million pieces of feedback it receives from customers, rights owners, regulators, and selling partners.  When Amazon identifies issues based on this feedback, it takes action to address them.  Amazon uses this intelligence also to improve its proactive prevention controls.

24.     In 2017, Amazon launched the Amazon Brand Registry, a free service to any rights owner with a government-registered trademark, regardless of the brand's relationship with Amazon.  Brand Registry delivers automated brand protections that use machine learning to predict infringement and proactively protect brands' IP.  Brand Registry also provides a powerful Report a Violation Tool that allows brands to search for and accurately report

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

potentially infringing products using state-of-the-art image search technology.  More than 350,000 brands, including Ferragamo, are enrolled in Brand Registry, and those brands are finding and reporting 99% fewer suspected infringements since joining Brand Registry.

25.     In 2018, Amazon launched Transparency, a product serialization service that effectively eliminates counterfeits for enrolled products.  Brands enrolled in Transparency can apply a unique 2D code to every unit they manufacture, which allows Amazon, other retailers, law enforcement, and customers to determine the authenticity of any Transparency-enabled product, regardless of where the product was purchased.  Since Transparency's launch in 2018, over 10,000 brands have enrolled, protecting brands and customers from counterfeits being sold in the Amazon store.

26.     In 2019, Amazon launched Amazon Project Zero, a program to empower brands to help Amazon drive counterfeits to zero.  Amazon Project Zero introduced a novel self-service counterfeit removal tool that enables brands to remove counterfeit listings directly from the Amazon store.  This enables brands to take down counterfeit product offerings on their own within minutes.  Since the program launched in 2019, over 10,000 brands have enrolled.

27.     In addition to these measures, Amazon actively cooperates with rights owners and law enforcement to identify and prosecute bad actors suspected of engaging in illegal activity.  Lawsuits, like this one, are integral components of Amazon's efforts to combat counterfeits.

### B.      Ferragamo and Its Anti-Counterfeiting Efforts

28.     Over the years Ferragamo has implemented a series of offline and online anti-counterfeiting measures to protect its customers and the value of its brand.  Its online monitoring activities have enabled it to achieve significant results.  More than 100,000 listings of counterfeited products are identified, blocked and removed from online stores and marketplaces on an annual basis. Ferragamo also carries out actions offline through court, out-of-court, administrative and criminal proceedings and cooperates with enforcement authorities all over the world.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 8

29.     Ferragamo is currently enrolled in Amazon Brand Registry and Project Zero. Ferragamo began actively using the tools and protections provided by these programs after and in response to the counterfeiting activity described in this Complaint.

**C.      Defendants Created Amazon Selling Accounts and Agreed Not to Sell Counterfeit Goods**

30.     Defendants controlled and operated the two Amazon Selling Accounts detailed in section D below through which they sought to advertise, market, sell, and distribute counterfeit Ferragamo products.  In connection with these Selling Accounts, Defendants provided names, email addresses, and banking information for each account.

31.     Between February and November of 2020, Defendants established two Amazon Selling Accounts through which they sought to advertise, market, sell, and distribute counterfeit Ferragamo products.  When Defendants opened these two accounts, they provided names, addresses, and banking information for each Account.  Plaintiffs' investigations have revealed that the address for one account does not exist; namely, there is no property or business associated with the given address.  Furthermore, on information and belief, the names provided by Defendants for the two Accounts are fictitious.

32.     To become a third-party seller in the Amazon store, sellers are required to agree to the BSA, which governs the applicant's access to and use of Amazon's services and states Amazon's rules for selling through the website.  By entering into the BSA, each seller represents and warrants that it "will comply with all applicable laws in [the] performance of [its] obligations and exercise of [its] rights" under the BSA.  A true and correct copy of the applicable version of the BSA, namely, the version when Defendants last used Amazon's Services, is attached as **Exhibit B**.

33.     The BSA incorporates, and sellers therefore agree to be bound by, Amazon's Anti-Counterfeiting Policy, the applicable version of which is attached as **Exhibit C**.  The Anti-Counterfeiting Policy expressly prohibits the sale of counterfeit goods in the Amazon store:

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 9

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

- The sale of counterfeit products is strictly prohibited.

- You may not sell any products that are not legal for sale, such as products that have been illegally replicated, reproduced, or manufactured[.]

- You must provide records about the authenticity of your products if Amazon requests that documentation[.]

Failure to abide by this policy may result in loss of selling privileges, funds being withheld, destruction of inventory in our fulfilment centers, and other legal consequences.

*Id.*

34.     Amazon's Anti-Counterfeiting Policy further describes Amazon's commitment to preventing the sale and distribution of counterfeit goods in the Amazon store together with the consequences of doing so:

- Sell Only Authentic and Legal Products. It is your responsibility to source, sell, and fulfill only authentic products that are legal for sale. Examples of prohibited products include:

  o Bootlegs, fakes, or pirated copies of products or content

  o Products that have been illegally replicated, reproduced, or manufactured

  o Products that infringe another party's intellectual property rights

- Maintain and Provide Inventory Records. Amazon may request that you provide documentation (such as invoices) showing the authenticity of your products or your authorization to list them for sale. You may remove pricing information from these documents, but providing documents that have been edited in any other way or that are misleading is a violation of this policy and will lead to enforcement against your account.

- Consequences of Selling Inauthentic Products. If you sell inauthentic products, we may immediately suspend or terminate your Amazon selling account (and any related accounts), destroy any inauthentic products in our fulfillment centers at your expense, and/or withhold payments to you.

- Amazon Takes Action to Protect Customers and Rights Owners. Amazon also works with manufacturers, rights holders, content owners, vendors, and sellers to improve the ways we detect and prevent inauthentic products from reaching our customers. As a result of our detection and enforcement activities, Amazon may:

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

- o   Remove suspect listings.

- o   Take legal action against parties who knowingly violate this policy and harm our customers. In addition to criminal fines and imprisonment, sellers and suppliers of inauthentic products may face civil penalties including the loss of any amounts received from the sale of inauthentic products, the damage or harm sustained by the rights holders, statutory and other damages, and attorney's fees.

- Reporting Inauthentic Products. We stand behind the products sold on our site with our A-to-z Guarantee, and we encourage rights owners who have product authenticity concerns to notify us. We will promptly investigate and take all appropriate actions to protect customers, sellers, and rights holders. You may view counterfeit complaints on the Account Health page in Seller Central.

*Id.*

35.     When they registered as third-party sellers in the Amazon store, and established their Selling Accounts, Defendants agreed not to advertise, market, offer, sell or distribute counterfeit products.

**D.     Test Purchases from Defendants' Selling Accounts**

36.     Defendants advertised, marketed, offered, and sold Ferragamo-branded products in the Amazon store.  Amazon has conducted multiple test purchases from the Defendants' Selling Accounts and Ferragamo has determined that the test-purchased products are counterfeit and each bears a counterfeit Ferragamo registered trademark.

**Selling Account #1 – zhaoha032ojun**

37.     At all times described herein, Selling Account zhaoha032ojun was controlled and operated by Defendant Zhao Hao Jun and, on information and belief, other parties, known and unknown.

38.     On October 16, 2020, Amazon conducted three test purchases from Selling Account zhaoha0320jun for what appeared to be Ferragamo-branded belts complete with Ferragamo marks and design elements.  The offer listing pages, however, omitted any mention of the Ferragamo word mark in the product descriptions in an apparent effort to evade Amazon's anti-counterfeiting detection tools:

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 11

1

2

Product photos from zhaoha032ojun seller page
listings

3



4

5

6

7

8

9

10

11



12

13

14

15

16

17

18

19



20

21

22

23

24

25

26

   39.    Defendants shipped product that bore the Ferragamo Trademarks and other

27

indications of its brand.  Ferragamo compared the products to its authentic products and

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

determined there were distinct differences in construction and details.  A depiction comparing

the counterfeit product supplied by Defendants with an authentic version of the product

follows:

Images of zhaoha032ojun counterfeit product containing
Ferragamo word mark

Images of genuine Ferragamo product










**Selling Account # 2 – cangzhoushuofengdianzikejiZZX**

40.    At all times described herein, Selling Account cangzhoushuofengdianzikejiZZX

was controlled and operated by Defendant cangzhoushuofengdianzikejiyouxiangongsi and, on

information and belief, other parties, known and unknown.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 13

1      41.     On October 16, 2020, Amazon conducted three test purchases from Selling

2    Account cangzhoushuofengdianzikejiZZX for what appeared to be Ferragamo-designed belts

3    complete with Ferragamo marks and design elements.  The offer listing pages, however,

4    omitted any mention of the Ferragamo word mark in the product descriptions in an apparent

5    effort to evade Amazon's anti-counterfeiting detection tools:

Product photos from
cangzhoushuofengdianzikejiZZX seller page listings







COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 14

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

42.     Defendants shipped product that bore the Ferragamo Trademarks and other indications of its brand.  Ferragamo compared the products to its authentic products and determined there were distinct differences in construction and details.  A depiction comparing the counterfeit product supplied by Defendants with an authentic version of the product follows:

Images of cangzhoushuofengdianzikejiZZX counterfeit product containing Ferragamo word mark

Images of genuine Ferragamo product










**E.     Defendants' Coordinated Sale of Counterfeit Ferragamo Products**

43.     On information and belief, Defendants operated in concert with one another in their counterfeiting activities including, in some instances, sourcing their counterfeits from the

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 15

same supplier and using common logistics companies to illegally import the counterfeits into and within the United States.

44.     The Selling Accounts have various common characteristics that make it probable that the accounts are being operated by one or more of the Defendants acting in concert.  These common characteristics include 1) the identical tactic of using images of the Ferragamo products without using the Ferragamo word mark in the description in the offer listing page to evade Amazon's Automated Brand Protection algorithm; 2) the same pricing for all products; 3) similarity of counterfeit product; 4) using identical packaging for the Ferragamo counterfeit products; and 5) all counterfeit products shipped from the same shipper at the same address and same telephone number.

F.     **Amazon and Ferragamo Shut Down Defendants' Accounts**

45.     By selling counterfeit Ferragamo products, Defendants falsely represented to Amazon and its customers that the products Defendants sold were genuine products made by Ferragamo.  Defendants also knowingly and willfully used Ferragamo's IP in connection with the advertisement, marketing, distribution, offering for sale, and sale of counterfeit Ferragamo products.

46.     At all times, Defendants knew they were prohibited from violating third-party IP rights or any applicable laws while selling products in the Amazon store.  Defendants have deceived Amazon's customers and Amazon, infringed and misused the IP rights of Ferragamo, harmed the integrity of and customer trust in the Amazon store, and tarnished Amazon's and Ferragamo's brands.

47.     Amazon, after receiving notice from Ferragamo, verified Defendants' unlawful sale of counterfeit Ferragamo products and promptly blocked Defendants' Selling Accounts.  In doing so, Amazon exercised its rights under the BSA to protect customers and the reputations of Amazon and Ferragamo.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 16

## V.  CLAIMS

### FIRST CLAIM
#### (by Ferragamo against all Defendants)
#### Trademark Infringement – 15 U.S.C. § 1114

48.    Plaintiff Ferragamo incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

49.    Defendants' activities constitute infringement of the Ferragamo Trademarks as described in the paragraphs above.

50.    Ferragamo advertises, markets, offers, and sells its products using the Ferragamo Trademarks described above and uses those trademarks to distinguish its products from the products and related items of others in the same or related fields.

51.    Because of Ferragamo's long, continuous, and exclusive use of the Ferragamo Trademarks identified in this Complaint, the trademarks have come to mean, and are understood by customers and the public to signify, products from Ferragamo.

52.    Defendants unlawfully advertised, marketed, offered, and sold products bearing counterfeit versions of the Ferragamo Trademarks with the intent and likelihood of causing customer confusion, mistake, and deception as to the products' source, origin, and authenticity. Specifically, Defendants intended customers to believe, incorrectly, that the products originated from, were affiliated with, and/or were authorized by Ferragamo and likely caused such erroneous customer beliefs.

53.    As a result of Defendants' wrongful conduct, Ferragamo is entitled to recover its actual damages, Defendants' profits attributable to the infringement, and treble damages and attorney fees pursuant to 15 U.S.C. § 1117(a) and (b).  Alternatively, Ferragamo is entitled to statutory damages under 15 U.S.C. § 1117(c).

54.    Ferragamo is further entitled to injunctive relief, including an order impounding all infringing products and promotional materials in Defendants' possession.  Ferragamo has no adequate remedy at law for Defendants' wrongful conduct because, among other things: (a) the Ferragamo Trademarks are unique and valuable property that have no readily determinable

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 17

market value; (b) Defendants' infringement constitutes harm to Ferragamo and Ferragamo's reputation and goodwill such that Ferragamo could not be made whole by any monetary award; (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing materials; and (d) Defendants' wrongful conduct, and the resulting harm to Ferragamo, is likely to be continuing.

## SECOND CLAIM
### *(by Ferragamo against all Defendants)*
### False Designation of Origin and False Advertising – 15 U.S.C. § 1125(a)

55.    Plaintiff Ferragamo incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

56.    Ferragamo owns the Ferragamo Trademarks and advertises, markets, offers, and sells its products using the Trademarks described above and uses the trademarks to distinguish its products from the products and related items of others in the same or related fields.

57.    Because of Ferragamo's long, continuous, and exclusive use of the Ferragamo Trademarks, they have come to mean, and are understood by customers, end users, and the public, to signify products from Ferragamo.

58.    Defendants' wrongful conduct includes the infringement of the Ferragamo Trademarks in connection with Defendants' commercial advertising or promotion, and offering for sale and sale, of counterfeit Ferragamo products in interstate commerce.

59.    In advertising, marketing, offering, and selling products bearing counterfeit versions of the Ferragamo Trademarks, Defendants have used, and on information and belief continue to use, the Ferragamo Trademarks to compete unfairly with Ferragamo and to deceive customers.  Upon information and belief, Defendants' wrongful conduct misleads and confuses customers and the public as to the origin and authenticity of the goods and services advertised, marketed, offered, or sold in connection with the Ferragamo Trademarks and wrongfully trades upon Ferragamo's goodwill and business reputation.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 18

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

60.     Defendants' conduct constitutes (a) false designation of origin, (b) false or misleading description, and (c) false or misleading representation that products originate from or are authorized by Ferragamo, all in violation of 15 U.S.C. § 1125(a)(1)(A).

61.     Defendants' conduct also constitutes willful false statements in connection with goods and/or services distributed in interstate commerce in violation of 15 U.S.C. § 1125(a)(1)(B).

62.     Ferragamo is entitled to an injunction against Defendants, their officers, agents, representatives, servants, employees, successors and assigns, and all other persons in active concert or participation with them, as set forth in the Prayer for Relief below.  Defendants' acts have caused irreparable injury to Ferragamo.  The injury to Ferragamo is irreparable, and on information and belief, is continuing.  An award of monetary damages cannot fully compensate Ferragamo for its injuries, and Ferragamo lacks an adequate remedy at law.

63.     Ferragamo is further entitled to recover Defendants' profits, Ferragamo's damages for its losses, and Ferragamo's costs to investigate and remediate Defendants' conduct and bring this action, including its attorney's fees, in an amount to be determined.  Ferragamo is also entitled to the trebling of any damages award as allowed by law.

### THIRD CLAIM
#### (by Amazon against all Defendants)
### False Designation of Origin and False Advertising – 15 U.S.C. § 1125(a)

64.     Plaintiff Amazon incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

65.     Amazon's reputation for trustworthiness is at the heart of its relationship with customers.  Defendants' actions in selling counterfeits pose a threat to Amazon's reputation because they undermine and jeopardize customer trust in the Amazon store.

66.     Specifically, Defendants deceived Amazon and its customers about the authenticity of the products they were advertising, marketing, offering, and selling, in direct and willful violation of the BSA and Amazon's Anti-Counterfeiting Policies.  Defendants' deceptive acts were material to Amazon's decision to allow Defendants to sell their products in

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

the Amazon store because Amazon would not have allowed Defendants to do so but for their deceptive acts.

67.    In advertising, marketing, offering, and selling counterfeit Ferragamo products in the Amazon store, Defendants made false and misleading statements of fact about the origin, sponsorship, or approval of those products in violation of 15 U.S.C. § 1125(a)(1)(A).

68.    Defendants' acts also constitute willful false statements in connection with goods and/or services distributed in interstate commerce in violation of 15 U.S.C. § 1125(a)(1)(B).

69.    As described above, Defendants, through their illegal acts, have willfully deceived Amazon and its customers, jeopardized the trust that customers place in the Amazon store, tarnished Amazon's brand and reputation, and harmed Amazon and its customers. Defendants' misconduct has also caused Amazon to expend significant resources to investigate and combat Defendants' wrongdoing and to bring this lawsuit to prevent Defendants from causing further harm to Amazon and its customers. Defendants' illegal acts have caused irreparable injury to Amazon and, on information and belief, that injury is ongoing at least to the extent that Defendants continue to establish seller accounts under different or false identities. An award of monetary damages alone cannot fully compensate Amazon for its injuries, and thus Amazon lacks an adequate remedy at law.

70.    Amazon is entitled to an injunction against Defendants, their officers, agents, representatives, servants, employees, successors and assigns, and all other persons in active concert or participation with them, as set forth in the Prayer for Relief below, along with its attorneys' fees and costs in bringing this lawsuit.

### FOURTH CLAIM
*(by Ferragamo and Amazon against all Defendants)*
**Violation of Washington Consumer Protection Act, RCW 19.86.010, *et seq.***

71.    Plaintiffs incorporate by reference the allegations of the preceding paragraphs as though set forth herein.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

72.     Defendants' advertising, marketing, offering, and selling of counterfeit Ferragamo products constitute an unfair method of competition and unfair and deceptive acts or practices in the conduct of trade or commerce, in violation of RCW 19.86.020.

73.     Defendants' advertising, marketing, offering, and selling of counterfeit Ferragamo products harms the public interest by deceiving customers about the authenticity, origins, and sponsorship of the products.

74.     Defendants' advertising, marketing, offering, and selling of counterfeit Ferragamo products directly and proximately causes harm to and tarnished Plaintiffs' reputations and brands, and damages their business and property interests and rights.

75.     Accordingly, Plaintiffs seek to enjoin further violations of RCW 19.86.020 and recover their attorneys' fees and costs.  Ferragamo further seeks to recover its actual damages, trebled.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

A.     That the Court issue an order permanently enjoining Defendants, their officers, agents, representatives, servants, employees, successors, and assigns, and all others in active concert or participation with them, from:

      (i)     selling products in the Amazon store;

      (ii)     selling products to Amazon or any affiliate;

      (iii)     opening or attempting to open any Amazon Selling Accounts;

      (iv)     manufacturing, distributing, offering to sell, or selling any product using Ferragamo's brand or trademarks, or which otherwise infringes Ferragamo's intellectual property, on any platform or in any medium;

      (v)     assisting, aiding or abetting any other person or business entity in engaging or performing any of the activities referred to in subparagraphs (i) through (iv) above;

B.     That the Court enter judgment in Plaintiffs' favor on all claims brought by them;

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

C.     That the Court enter an order pursuant to 15 U.S.C. § 1116 impounding all counterfeit and infringing products bearing the Ferragamo Trademarks or that otherwise infringe Ferragamo's IP, and any related materials, including business records, in Defendants' possession or under their control;

D.     That the Court enter an order requiring Defendants to provide Plaintiffs a full and complete accounting of all amounts due and owing to Plaintiffs as a result of Defendants' unlawful activities;

E.     That Defendants be required to pay all general, special, and actual damages which Ferragamo has sustained, or will sustain as a consequence of Defendants' unlawful acts, together with statutory damages, and that such damages be enhanced, doubled, or trebled as provided for by 15 U.S.C. § 1117(b), RCW 19.86.020, or otherwise allowed by law;

F.     That Defendants be required to pay the costs of this action and Plaintiffs' reasonable attorneys' fees incurred in prosecuting this action, as provided for by 15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law; and

G.     That the Court grant Plaintiffs such other, further, and additional relief as the Court deems just and equitable.

DATED this 11th day of February, 2021.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Plaintiffs*

By *s/ Scott R. Commerson*
Scott R. Commerson (*pro hac vice*
application forthcoming)

865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Tel: (213) 633-6800
Fax: (213) 633-6899
Email:   scottcommerson@dwt.com

*s/ Anna R. Buono*
Anna R. Buono, WSBA #56580

920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1604

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 22

Tel: (206) 622-3150
Fax: (206) 757-7700
Email:    annabuono@dwt.com

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax