UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., et al.,<br><br>               Plaintiffs,<br><br>  v.<br><br>JUN, et al.,<br><br>               Defendants. | CASE NO. 21-170RSM<br><br>ORDER GRANTING PLAINTIFFS' *EX PARTE* MOTION FOR EXPEDITED DISCOVERY |

## I.     INTRODUCTION

This matter comes before the Court on Plaintiffs Amazon.com, Inc. ("Amazon") and Salvatore Ferragamo S.p.A. ("Ferragamo") (collectively, "Plaintiffs")'s Motion for expedited discovery relating to Defendants' identities. Dkt. #12. Defendants have not yet appeared in this matter. For the reasons set forth below, the Court GRANTS Plaintiffs' motion.

## II.     BACKGROUND

On February 11, 2021, Plaintiffs filed this action against Defendants Zhao Hao Jun, doing business as zhaoha032ojun; Zhang Lianfa, doing business as cangzhoushuofengdianzikejizzx; cangzhoushuofengdianzikejiyouxgongsi, a Chinese entity; and Does 1-10 (collectively, "Defendants") alleging trademark infringement, false designation of origin, and false advertising under the Lanham Act and the Washington Consumer Protection Act. Dkt. #1. Plaintiffs' claims

arise from Defendants' alleged operation of various seller accounts on Amazon's online store to unlawfully advertise and sell counterfeit belts using the Ferragamo trademark. *Id.* at ¶¶ 49-76.

Although Plaintiffs have made "significant, ongoing attempts" to determine the identities of Defendants, Dkt. #12 at 3, the Amazon seller accounts used by Defendants to sell the counterfeit products either use addresses that do not exist, or the individuals associated with those addresses do not match the names provided by the Defendants. Dkt. #14 at ¶¶ 3-7. Despite reasonable efforts to search publicly available information, no such persons can be found at the addresses associated with the seller accounts. *Id.* Through additional investigations, Plaintiffs determined that Defendants have used bank accounts at First Century Bank. *Id.* at ¶¶ 3-4. They have also identified e-mail addresses registered to Defendant's accounts through Chinese-based service provider, NetEase Information Technology Corporation ("NetEase"), as well as accounts on online payment platforms WeChat and Alipay. *Id.* Plaintiffs have also determined that Defendants are likely clients of Payoneer, a virtual payment processor that facilitates payments into U.S. bank accounts for transfer to overseas accounts. Dkt. #13 at ¶ 2.

Based on these findings, Plaintiffs move for leave to serve a Fed. R. Civ. P. 45 subpoena on First Century Bank, Payoneer, WeChat, Alipay, and NetEase, for purposes of obtaining information to identify the Doe Defendants, locating the whereabouts of known and unknown Defendants, and obtaining key information about the location of counterfeit goods and proceeds from their sale. Dkt. #12 at 5; Dkt. #13 at ¶ 3.

### III.  DISCUSSION

**A. Legal Standard**

Federal Rule of Civil Procedure 26(d) bars parties from seeking "discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding

ORDER GRANTING PLAINTIFFS' EX
PARTE MOTION FOR EXPEDITED
DISCOVERY - 2

exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). In determining whether to permit expedited discovery, courts in this jurisdiction require that the moving party demonstrate that "good cause" exists to deviate from the standard pretrial schedule. *See Sovereign Bank v. Terrence Scott Twyford, Jr.,* No. C11-1256RSM (W.D. Wash. Aug. 16, 2012) (adopting the "good cause" standard for motions for expedited discovery); *Renaud v. Gillick,* 2007 WL 98465 (W.D. Wash. 2007) (finding that plaintiffs demonstrated good cause for expedited discovery); *see also Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery"). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool,* 208 F.R.D. at 276. The Ninth Circuit has emphasized that diligence and the intent of the moving party are the *sine qua non* of good cause. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992); *Renaud,* 2007 WL 984645, at *2.

**B. Good Cause for Expedited Discovery**

The Court begins by noting that the circumstances of this case are different from the ordinary circumstances giving rise to motions for expedited discovery, such as a motion seeking to identify an unknown Internet user that unlawfully accessed a plaintiff's intellectual property. Here, Plaintiff Amazon entered into a business relationship with the Defendants despite not knowing their identities. Now, having found that choice imprudent, Amazon seeks to better identify its contractual partners. As such, the Court struggles to conclude that Amazon has been fully diligent in seeking to learn the identity of the Defendants. Amazon—perhaps by design—elected not to seek additional verification of the Defendants' identities at the time it

agreed to allow Defendants to market goods on its website. However, despite this glaring omission, at least some of the Defendants actively misled Plaintiffs as to their identities. The Court finds that Defendants should not be afforded the benefit of anonymity in furtherance of their bad actions.

Having considered the balance of factors, the Court concludes that Plaintiffs' intent in seeking expedited discovery justifies their request. Courts routinely allow early discovery for the limited purpose of identifying defendants on whom process could not otherwise be served. *See, e.g., Music Grp. Macao Commercial Offshore Ltd. v. John Does I-IX*, No. 14-CV-621 RSM, 2014 WL 11010724, at *1–2 (W.D. Wash. July 18, 2014) (granting expedited discovery from Twitter, Inc. sufficient to identify Doe defendants); *The Thompsons Film, LLC. v. Does 1–194,* Case No. 2:13-cv-00560RSL (W.D. Wash. Apr. 1, 2013) (allowing early discovery from internet service providers to identify Doe defendants); *Digital Sin, Inc. v. Does 1–5698,* 2011 WL 5362068 (N.D. Cal. 2011) (same); *Cottrell v. Unknown Correctional Officers, 1–10,* 230 F.3d 1366, *1 (9th Cir. 2000) (explaining that "[t]he Federal Rules of Civil Procedure do not require that a district court dismiss unknown defendants simply because the plaintiff is unaware of the identity of those defendants at the time of the filing of the complaint."). "[W]here the identity of the alleged defendant[ ][is] not [ ] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Wakefield v. Thompson,* 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980)).

Here, Plaintiffs seek expedited discovery to ascertain sufficient identifying information about Defendants in order to effect service. Good cause exists where, as here, a plaintiff has

ORDER GRANTING PLAINTIFFS' EX
PARTE MOTION FOR EXPEDITED
DISCOVERY - 4

exhausted its means to identify the defendant through publicly-available information and has no other way to identify the bad actors involved in the scheme. *Facebook, Inc. v. Various, Inc.*, 2011 WL 2437433, at *3 (N.D. Cal. 2011) ("Courts in [the Ninth] Circuit permit expedited discovery to identify unknown defendants usually when the plaintiff simultaneously can identify no defendants and legitimately fears that information leading to their whereabouts faces imminent destruction."); *see also Semitool,* 208 F.R.D. at 277 (granting expedited discovery where narrowly tailored requests will "substantially contribute to moving this case forward"). Having reviewed Plaintiffs' declarations, it appears they have exhausted publicly available means to trace specific names and addresses to the various Amazon seller accounts. *See* Dkt. #13 at ¶¶ 2-3; Dkt. #14 at ¶¶ 3-7.  Consequently, Plaintiffs have sufficiently demonstrated that without expedited discovery, they will not be able to identify the individuals behind the seller accounts.

Furthermore, the Court finds good cause for expedited discovery given Plaintiffs' claims that irreparable harm will result through Defendants' continued use of their trademarks, unfair competition and false advertising.  Dkt. #1 at ¶¶ 22; 62; 69; *Music Grp. Macao Commercial Offshore Ltd.*, 2014 WL 11010724, at *2 (finding good cause where plaintiffs alleged irreparable harm through infringement and unfair competition); *see also Qwest Comm. Intl, Inc. v. WorldQuest Networks, Inc.,* 213 F.R.D. 418, 419 (D. Co. 2003) ("The good cause standard may be satisfied . . . where the moving party has asserted claims of infringement and unfair competition."). For these reasons, Plaintiffs' intent in seeking expedited discovery supports a finding of good cause.

Finally, the Court finds minimal prejudice to Defendants if Plaintiffs are granted leave to conduct expedited discovery.  Plaintiffs' discovery request is narrowly tailored to seek

ORDER GRANTING PLAINTIFFS' EX PARTE MOTION FOR EXPEDITED DISCOVERY - 5

information only from those bank accounts, accounts on virtual payment platforms, and email accounts associated with the Amazon seller accounts for the purpose of identifying the individuals connected to those accounts. *See* Dkt. #12-1 at 1-2. Furthermore, Plaintiffs have requested discovery directed at non-parties—not the Defendants—which courts recognize as "not impos[ing] a significant burden upon defendants." *Renaud*, 2007 WL 98465, at *3. To the extent Plaintiffs discover new information warranting additional Rule 45 subpoenas, they may file a supplemental motion for expedited discovery with information supporting their requests.

## IV.   CONCLUSION

Having reviewed Plaintiffs' Motion and the declarations filed in support thereof, the Court ORDERS:

(1) Plaintiffs' Ex Parte Motion for Expedited Discovery, Dkt. #12, is GRANTED. Plaintiffs are granted leave, prior to the Rule 26(f) conference, to serve Rule 45 subpoenas on the following companies for the purpose of obtaining information that may identify Defendants:

      a.   First Century Bank

      b.   Payoneer

      c.   NetEase Information Technology Corporation

      d.   WeChat

      e.   Alipay

(2) Plaintiffs shall provide a copy of this Order with each subpoena issued pursuant thereto.

DATED this 2nd day of April, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

ORDER GRANTING PLAINTIFFS' EX
PARTE MOTION FOR EXPEDITED
DISCOVERY - 7